IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK J. HALLINAN & <br> SUZANNA M. HALLINAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06-cv-1706 (RMC) <br> ) <br> ) <br> ) <br> ) |

### UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint or, in the alternative, that plaintiffs failed to state a claim for which relief may be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: January 5, 2007.        Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK J. HALLINAN & <br> SUZANNA M. HALLINAN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06-cv-1706 (RMC) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes, "replevin of any and all property," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

    1. <u>Introduction & background</u>. Plaintiffs, Patrick J. and Suzanna M. Hallinan, filed this complaint on October 2, 2006. The complaint alleges that in connection with the collection of federal tax "principals, officers, agents, and/or employees of ... [the] Internal Revenue Service ... disregarded ... provisions of the Internal Revenue Code and/or regulations promulgated thereunder with intent to defeat the application thereof." (Compl. n.1 & Remedy Sought.)<u>1</u>/

    2. <u>Relief sought in the complaint</u>. Plaintiffs allege that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code. (Compl. ¶ II, Counts 1-39.) Plaintiffs seek damages in the amount of "$10,000 per disregard."<u>2</u>/ (Compl. Remedy Sought at A.) Plaintiff also seeks "replevin of any and all property" <u>3</u>/ and an injunction preventing United States

---

    <u>1</u>/ Plaintiffs' case is one of more than 100 known cases filed in this Court with substantially similar complaints and/or allegations.

    <u>2</u>/ Plaintiffs also may be seeking declaratory relief. (*See* Compl. Remedy Sought.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

    <u>3</u>/ Plaintiffs' replevin action is in reality an action seeking a refund of federal taxes. *See Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates). Because plaintiffs fail to allege that they filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).
    Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its

employees from "further acting in disregard of law or regulation."4/  (Compl. Remedy Sought.)

## ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek damages.  (*See* Compl. generally.)  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.5/  The party bringing suit must show that the United States has unequivocally waived its sovereign

---

immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States*, 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68.  Plaintiffs do not allege that they filed an administrative claim, thus the Court lacks subject matter jurisdiction over their replevin action.

4/  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

5/  Alternatively, the complaint should be dismissed because plaintiffs failed to state a claim for which relief may be granted.  *See Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates); *Ross v. United States*, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates).

immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Gaines v. United States*, 424 F.Supp.2d 219 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, 441 F.Supp.2d 92, 95-96 (D.D.C. 2006) (Urbina); *Koerner v. United States*, 424 F.Supp.2d 213 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 424 F.Supp.2d 230 (D.D.C. 2006) (Huvelle); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).6/

---

6/    The United States recognizes that the Court dismissed similar complaints for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates). The United States respectfully asserts that when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"). One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Therefore, the United States respectfully requests that the Court consider the statement in *Lehman* and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Indeed, plaintiffs make no mention of exhausting administrative remedies. Because plaintiff fails to assert that they filed an administrative claim for damages, the complaint should be dismissed.

## CONCLUSION

Because the Court lacks jurisdiction over the complaint, the complaint should be dismissed.

DATE: January 5, 2007.        Respectfully submitted,

 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 5th day of January, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Patrick J. Hallinan
> Suzanna M. Hallinan
> *Plaintiffs Pro Se*
> 130 Polsin Drive
> Rotterdam, NY 12303

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

2135662.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK J. HALLINAN & <br> SUZANNA M. HALLINAN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 06-cv-1706 (RMC) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered any opposition and reply thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2135675.1

COPIES TO:

JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Jennifer.L.Vozne@usdoj.gov

PATRICK J. HALLINAN
SUZANNA M. HALLINAN
*Plaintiffs Pro Se*
130 Polsin Drive
Rotterdam, NY 12303