UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICK J. HALLINAN & SUZANNE M. HALLINAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1706 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs Patrick and Suzanne Hallinan filed a *pro se* Complaint against the United States alleging that the Internal Revenue Service ("IRS"), through its "principals, officers, agents, and/or employees," violated various sections of the Internal Revenue Code and the Code of Federal Regulations. See Compl. at 4-17. This is one of numerous *pro se* boilerplate complaints that have recently been filed in the this Court alleging a litany of tax code violations against the IRS. *See, e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases); *Ross v. United States*, 460 F. Supp. 2d 139, 141 (D.D.C. 2006) (dozens of individuals have filed similar complaints in a *pro se* capacity in the D.C. District Court). Plaintiffs seek monetary damages amounting to $10,000 per "disregard with intent to defeat the provisions" of the Internal Revenue Code. Compl. at 18, Remedy ¶ 1. Plaintiffs also seek "replevin" of "any and all property taken" from them without due process of law, further damages as the court sees as proper, and an injunction to prevent defendants from "further acting in disregard of law or regulation." *Id*., ¶¶ 2-4.

The Government now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs have failed to state a damages claim on which relief can be granted. *See* Def.'s Mot. at 1. The Court will grant the Government's motion and will dismiss Plaintiffs' damages claim under Rule 12(b)(6) because Plaintiffs failed to exhaust their administrative remedies, a prerequisite to a civil suit for damages under 26 U.S.C. § 7433. The Court will also dismiss Plaintiffs' claim for injunctive relief under Rule 12(b)(1) for lack of subject matter jurisdiction.

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, pursuant to Rule 12(b)(6). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint "but may also consider material outside of the pleadings in its effort to determine whether the court has

jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise the right of relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *See Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). But the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning,* 292 F.3d at 242. In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II. DISCUSSION

### A.    Damages Claim

Plaintiffs invoke the Court's subject matter jurisdiction under 26 U.S.C. § 7433, which provides a cause of action to taxpayers for certain violations of Title 26 of the U.S. Code. *See* Compl. ¶ 1. That statute provides:

3

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in [26 U.S.C. §] 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Plaintiffs also invoke this Court's jurisdiction pursuant to the Administrative Procedure Act (28 U.S.C. § 1361) and the All Writs Act (28 U.S.C. § 1651). Compl. at 2 ¶¶ A(2)-(4), C(3). Plaintiffs then allege a litany of 39 counts against the Government, the crux of which is that the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity.

First, it should be noted that, because Section 7433 is an aggrieved taxpayer's "exclusive remedy for recovering damages," neither the Administrative Procedure Act nor the All Writs Act can provide a basis for jurisdiction over a taxpayer's damages claims. *Ross v. United States*, 460 F. Supp. 2d 139, 148-49 (D.D.C. 2006). Thus, the Court has no jurisdiction over Plaintiffs' damages claims under those statutes.

Second, Section 7433 allows suits for damages against the United States; however, it explicitly requires that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1). The IRS, in turn, has promulgated regulations that mandate that damages actions under Section 7433 "may not be maintained unless the taxpayer has filed an administrative claim." 26 C.F.R. § 301.7433-1(e). A plaintiff claiming actual, direct economic damages as in this case must submit an administrative claim "in writing to the Area Director, Attn:

Compliance Technical Support Manager of the area in which the taxpayer currently resides," and include (1) the taxpayer's name and contact information, (2) the grounds for the claim, (3) a description of the injuries incurred by the taxpayer, (4) the dollar amount of the claim, and (5) the signature of the taxpayer or his duly authorized representative. 26 C.F.R. § 301.7433-1(e)(1), (2). The regulations also make clear that the taxpayer should include any supporting documentation, evidence, and correspondence with the IRS. *Id.* Until the IRS rules on a properly filed claim, or six months pass without a ruling, no civil action for damages will lie. 26 C.F.R. § 301.7433-1(d), (e)(2)); *see also Gaines*, 424 F. Supp. 2d at 221-22; *Turner v. United States*, 429 F. Supp. 2d 149, 151 (D.D.C. 2006).

Plaintiffs do not allege in their Complaint or Opposition to the Government's Motion to Dismiss that they filed the appropriate administrative claim in accordance with 26 C.F.R. § 301.7433-1(e).[1] Pursuing administrative remedies is an element of the claim. Therefore, the burden

---

[1] Plaintiffs exhaustively cite several Treasury Directives and seemingly allege that 26 C.F.R. § 301.7433-1 is "irrelevant, because . . . [it] lacks the 'certain substantive characteristics' required." Pl.'s Resp. at 5 (internal citations omitted). Notwithstanding the fact that this Court does not hold that administrative exhaustion is jurisdictional (*see infra*), under the framework created in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 476 U.S. 837 (1984), the regulation at 29 C.F.R. § 301.7433-1(a), interpreting Section 7433, is a valid requirement. Regulations issued by an agency interpreting and applying its governing statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). When the statutory text does not directly and conclusively address the precise question covered by a regulation, an agency's construction of its governing statute through its regulations should be sustained as long as it "is a reasonable policy choice for an agency to make." *Id.* at 845. Here, the IRS has created a reasonable and straightforward procedure for taxpayers to seek an administrative resolution to alleged violations of the tax code in connection with collection activities. *See Martin v. United States*, No. 05-2506, 2006 WL 2714944, at *6 n. 3 (D.D.C. Sept. 22, 2006).

is on Plaintiffs to present some non-conclusory factual allegations that they exhausted their administrative remedies. *See Twombly*, 127 S. Ct at 1965. Because Plaintiffs have not done so, the Court must dismiss Plaintiffs' complaint for failure to state a claim under Section 7433.[2]

### B.    Claim for Injunctive Relief

Plaintiffs also seek an injunction to prevent the IRS from any further tax collection activity. Compl. at 19. This request is barred by the Anti-Injunction Act ("AIA"), which provides:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a); *see also Hibbs v. Winn*, 542 U.S. 88, 102-03 (2004). As the Supreme Court has noted, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *See Enochs v. Williams Packaging & Navigation Co.*, 370 U.S. 1, 5 (1962). The AIA serves two purposes: "It responds to the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference; and it require[s] that the legal right to the disputed sums be determined in a suit for refund." *Hibbs*, 542 U.S. at 103 (citations and internal quotations omitted). A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti-Injunction Act." *Gardner v. United States*, 211 F.3d 1305, 1311

---

[2] Although the Government contends that failure to exhaust remedies under Section 7433 is a jurisdictional defect, *see* Mot. to Dismiss at 3, n.2 (relying on *McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004)), this Court agrees with the court in *Turner v. United States*, 429 F. Supp. 2d 149 (2006), which held that exhaustion under Section 7433 is non-jurisdictional because Congress did not expressly designate exhaustion under the Code as jurisdictional. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Id*. (quoting *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006)). Therefore, the Government's Motion to Dismiss will be granted on the basis that the Complaint fails to state a claim on which relief can be granted.

(D.C. Cir. 2000).

Although AIA contains a number of statutory exceptions, none of those exceptions is applicable to Plaintiffs. The statutory provisions excepted from the AIA are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. *See* 26 U.S.C. § 7421(a). While Plaintiffs cite one of these provisions, Section 6330(e), in their Complaint, Plaintiffs do so only in a conclusory manner and do not allege any facts or provide any documentation to support their reliance on that provision. *See* Compl. at 15, Count 31. No additional details are provided in Plaintiffs' Response to the Defendant's Motion to Dismiss. Accordingly, the Court concludes that none of the statutory exceptions to the AIA applies in this case. *See Lindsey*, 448 F. Supp. 2d at 58 (holding that exceptions to Anti-Injunction Act's broad prohibition on orders enjoining the assessment or collection of federal tax did not apply because plaintiffs did not allege a factual basis to support their conclusory allegations).

In addition to the statutory exceptions there are two narrow judicially created exceptions to the AIA: (1) where the plaintiff has no "alternative legal way to challenge the validity of a tax;" and (2) where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm. *See South Carolina v. Regan*, 465 U.S. 367, 373 (1984); *Enochs*, 370 U.S. at 7 (1962); *Nat'l Taxpayers Union v. United States*, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) ("The basic doctrine of equity jurisprudence [is] that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")).

Plaintiffs cannot rely on either exception. They are ineligible for the *South Carolina* exception because, as noted earlier, they can challenge the validity of the tax assessments by filing

a refund claim. *See South Carolina*, 465 U.S. at 374-76. The *Williams Packing* exception is unavailable for much the same reason — Plaintiffs have an adequate legal remedy, in the form of a refund claim, to challenge any improper collection of taxes. Plaintiffs have not shown that they will suffer irreparable harm if required to pay taxes in full before claiming a refund, *see Nat'l Taxpayers Union*, 68 F.3d at 1436, and they have failed to demonstrate that the Government could under no circumstances prevail here (for example, by adducing facts suggesting that the IRS has flouted the tax code or imposed taxes with no basis in fact). *See Williams Packing*, 370 U.S. at 7; *Investment Annuity v. Blumenthal*, 609 F.2d 1, 5 (D.C. Cir. 1979) (placing this burden on the plaintiff). Accordingly, the Court will dismiss Plaintiffs' claim for injunctive relief for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court will grant [Dkt. #8] the Government's motion to dismiss Plaintiffs' damages claims for failure to state a claim under Rule 12(b)(6) and their claim for injunctive relief for lack of subject matter jurisdiction under Rule 12(b)(1). A memorializing order accompanies this Memorandum Opinion.

Date: August 8, 2007                              /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge